IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00951-MSK-MEH

DAVID JAMES CROSBY,

    Plaintiff,

v.

MARGARET HEIL,
J.D. SCOLLARD,
CHRISTINE TYLER,
CHRISTINA MARQUEZ,
RICH LINS,
BURL MCCULLAR,
JAYLYNNE KOCH,
SAMUEL DUNLAP, and
CAPT. CRISTELLI,

    Defendants.

---

# ORDER ON MOTION TO MODIFY DISCOVERY ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion to Modify Discovery Order [filed October 14, 2010; docket #35]. The motion is referred to this Court for disposition. Defendants have responded, and oral argument would not assist the Court in adjudicating this matter. The Court **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** Plaintiff's motion as stated herein.

    The Court held a Scheduling Conference in this matter on September 8, 2010. (Docket #26.) As is the norm in these types of actions, the Court set a limit of 25 interrogatories, 25 requests for admission, and 25 requests for production, per side. (*See id.*)

Plaintiff, in this motion, represents that he had understood the numerical limit to apply per Defendant, not per side. Plaintiff believes the limit is insufficient given the nature of his case and the number of Defendants. Plaintiff asks the Court to allow him to issue 25 interrogatories, 25 requests for admission, and 25 requests for production to each Defendant. (*See* docket #35.)

Defendants filed a response, pointing out that by granting Plaintiff's request, the Court would be permitting service of 225 interrogatories, 225 requests for admission, and 225 requests for production in total against the defendants. (Docket #38 at 2.) Defendants assert that this number of written discovery requests would be burdensome and expensive, and would "create the potential for abuse of the Discovery process." (*Id*.)

The Court agrees with Defendants, in part, but recognizes Plaintiff's interest in personalizing discovery requests to the individual Defendants. In reaching a balance between the parties' respective positions, the Court believes a modification of the scheduling order is permissible. The Court grants Plaintiff's request in that he may issue ten interrogatories and ten requests for admission to *each* of the nine named Defendants. However, as to requests for production, the Court believes the original limitation of 25 requests is appropriate, simply because the bulk of the requests, given the nature of Plaintiff's lawsuit, will concern documents not likely in the personal possession of the individual Defendants. This request is denied without prejudice. If, after the issuance of the initial 25 requests for production, Plaintiff can articulate with specificity and good cause a description of additional documents to be discovered, the Court, at that time, may entertain a second request.

Accordingly, Plaintiff's Motion to Modify Discovery Order [filed October 14, 2010; docket #35] is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART** as follows: Plaintiff may issue no more than ten interrogatories and ten requests for admission to *each* of the

nine named Defendants, and Plaintiff may serve no more than 25 requests for production to Defendants *in total*.

Dated at Denver, Colorado, this 28th day of October, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge