IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00951-WJM-MEH

DAVID JAMES CROSBY,

Plaintiff,

v.

MARGARET HEIL,
J.D. SCOLLARD,
CHRISTINE TYLER,
CHRISTINA MARQUEZ,
RICH LINS,
BURL MCCULLAR,
JAYLYNNE KOCH,
SAMUEL DUNLAP, and
CAPT. CRISTELLI,

Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are Plaintiff's Motion to Compel Discovery [filed February 23, 2011; docket #73] and Plaintiff's Motion to Supplement Discovery Request [filed March 3, 2011; docket #83]. The motions are referred to this Court for disposition. The matters are briefed to the extent necessitated by the Court, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** Plaintiff's motion to supplement. The Court **GRANTS IN PART**, **DENIES IN PART and DENIES AS MOOT IN PART** Plaintiff's motion to compel.

Plaintiff states ten requests in his motion to compel: 1) a more detailed response by Defendant Heil to Interrogatory No. 4; 2) Defendant Lins' training materials for due process

hearings; 3) Plaintiff's senior group assignments; 4) polygraph addenda from Nov. 1, 2006 through Feb. 2, 2007; 5) copies of handwritten notes dated Jan. - Sept. 2009; 6) documents related to Plaintiff's transfer; 7) responses to requests for admission and interrogatories served by Plaintiff in December 2010; 8) statistics/summaries and responses to corresponding interrogatories as previously ordered; 9) Plaintiff's polygraph recordings (video) and corresponding reports; and 10) two letters identified in the privilege log related to the disputed polygraph.

In his motion to supplement, Plaintiff explains that he was given access to review the audio record of his due process hearing for 2 ½ hours. (Docket #83 at 1.) Plaintiff now seeks the video recording of the follow-up polygraph test to confirm whether certain evidence, referred to on the audio record, was entered into the record for the polygraph test. Plaintiff also requests printed transcripts of these hearings.

In response, Defendants represent that 1) Defendant Heil's response will be supplemented after conferring further with her; 2) Defendant Lins does not possess the requested training materials; 3) the senior group assignments are not located in Plaintiff's file; 4) Defendants will produce the addenda if they exist, dated November 1, 2006 through February 2007; 5) Defendants have, in good faith, produced all notes related to concept groups; 6) Defendants produced all documents related to the transfer; 7) Counsel for Defendants attests that neither he nor his office received December 2010 written discovery requests; 8) Defendants produced the requested statistics/summaries as these documents are maintained in the usual course of business; and 9) & 10) Defendant Lins objected to production of documents and video related to polygraphs, on the basis that the Sex Offender Management Board Standards and Guidelines precludes production under these facts.

Regarding requests numbers 1, 3, 4, 5, 6, and 8 (as delineated by the Court herein), the Court accepts Defendants' representations. The Court instructs Defendants to look for the senior group

assignments relevant to Plaintiff's case outside of Plaintiff's file, if possible and practicable. Any supplement shall be produced to Plaintiff on or before **March 15, 2011**. Plaintiff may resubmit the December 2010 written discovery requests to Defendants on or before **March 17, 2011**. Defendants shall respond on or before **March 28, 2011**. The Court *sua sponte* extends the discovery deadline in this matter to **March 31, 2011**. Plaintiff's motion to compel is **granted in part** and **denied as moot in part** to this extent.

The Court notes that the government must comply with the deadlines set by the Court. Plaintiff, proceeding *pro se,* is bound by the obligation to follow Court rules and orders. Defendants are bound by the same.

Regarding discovery related to the polygraph tests (request nos. 9-10, supplement), the Court accepts Defendants' reliance on Section 6.163 of the Sex Offender Management Board's Standards and Guidelines, providing that "written polygraph reports and related work products shall be released only to CST members, the court, parole board or other releasing agency, or other professionals at the discretion of the community supervision team." (Docket #81 at 5.) Plaintiff is not one of the individuals or entities contemplated by this provision. Thus, the motion is **denied** to this extent. However, Plaintiff represents that he was given access to review the audio record of his due process hearing for 2 ½ hours. (Docket #83 at 1.) Plaintiff may include an interrogatory in the set of written discovery to be served on or before **March 17, 2011**, inquiring whether the certain evidence, referred to within the audio recording, was entered into the record for the polygraph test to which it related. Regarding Defendant Lins' training materials (request no. 2), Defendants are correct in pointing out that they are not obligated to produce material not in their physical possession. Plaintiff named only individuals as defendants in this matter and did not name the Colorado Department of Corrections. It appears to the Court that Plaintiff objects to this response because he believes Defendants may access the requested documents belonging to the Colorado

Department of Corrections, thus the documents requested are in Defendants' possession. However, as the Colorado Department of Corrections is not a party to this action, the Court declines to compel production of documents assumptively created by and in control of the Department, and not the individual defendants, in response to Plaintiff's request. This portion of Plaintiff's motion is **denied**.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Supplement Discovery Request [filed March 3, 2011; docket #83]. The Court **GRANTS IN PART**, **DENIES IN PART**, and **DENIES AS MOOT IN PART** Plaintiff's Motion to Compel Discovery [filed February 23, 2011; docket #73] as follows:

Defendants shall produce any supplemental discovery response to Plaintiff on or before **March 15, 2011**;

Plaintiff may resubmit the December 2010 written discovery requests to Defendants on or before **March 17, 2011**, and these requests may include an interrogatory regarding the evidence mentioned during Plaintiff's review of the audio record of his due process hearing;

Defendants shall respond on or before **March 28, 2011**; and

The discovery deadline is hereby extended up to and including **March 31, 2011**.

SO ORDERED.

Entered and dated at Denver, Colorado, this 8th day of March, 2011.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge