**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00951-WJM-MEH

DAVID JAMES CROSBY,

    Plaintiff,

v.

MARGARET HEIL,
J.D. SCOLLARD,
CHRISTINE TYLER,
CHRISTINA MARQUEZ,
RICH LINS,
BURL MCCULLAR,
JAYLYNNE KOCH,
SAMUEL DUNLAP, and
CAPT. CRISTELLI,

    Defendants.

---

**ORDER AFFIRMING MAGISTRATE JUDGE'S RECOMMENDATION AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff David James Crosby brings claims against the above-listed Defendants, all of whom are employees of the Colorado Department of Corrections, alleging that they violated his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. (ECF No. 34.) After the close of discovery, Defendants filed a Motion for Summary Judgment ("Motion"). (ECF No. 93.) The Court referred that Motion to Magistrate Judge Michael E. Hegarty for a recommended decision. (ECF No. 94.) On October 3, 2011, Magistrate Judge Hegarty issued his Recommendation that the Motion be granted ("Recommendation"). (ECF No. 138.) Plaintiff filed timely objections. (ECF No. 140.)

The Motion, the Recommendation, and Plaintiff's Objections are currently before the Court. For the reasons set forth below, Plaintiff's Objections are overruled, Magistrate Judge Hegarty's Recommendation is adopted, and the Motion is granted.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248.

The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. FACTUAL BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the Recommendation. (ECF No. 138 at 2-10.) Accordingly, the Court adopts and incorporates Section I of the Recommendation as if set forth herein. To the extent any additional facts are necessary for the Court's resolution of the summary judgment motion, such facts will be set forth in the analysis section below.

## III. ANALYSIS

Plaintiff objects to the Recommendation's analysis of the following claims: (1) First Amendment retaliation; (2) Fourteenth Amendment deprivation of liberty; (3) Fifth Amendment self-incrimination; (4) Eighth Amendment cruel and unusual punishment; and (5) Conspiracy. Accordingly, the Court will review the issues raised in these sections *de novo*.

**A.  First Amendment**

Claim One of Plaintiff's First Amended Complaint alleges that Defendants retaliated against him after he exercised his First Amendment rights. (Am. Compl. at 19-20.) In this circuit, a plaintiff alleging retaliation in violation of the First Amendment must show three things: (1) that he engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a

person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). The Magistrate Judge found that Plaintiff alleged three retaliatory actions on the part of Defendants: (1) a note in January 2009; (2) a verbal altercation in February 2009; and (3) his relocation, suspension, and termination from the treatment program. (Rec. at 17-19.)

The Magistrate Judge found that there was no evidence of protected activity that occurred before the January 2009 note and, therefore, Plaintiff failed to satisfy the first prong of the retaliation test. (*Id*. at 17.) Plaintiff does not object to this finding. (Obj. at 3-5.) With respect to the February 2009 verbal altercation, the Magistrate Judge found that verbal harassment is not an injury that would cause a reasonable person to be dissuaded from exercising his First Amendment rights. (*Id*. at 18.) Thus, Plaintiff had failed to satisfy the second element of the retaliation test. (*Id*.) Plaintiff does not object to this finding. (Obj. at 3-5.) Having reviewed the Recommendation, the Court finds no clear error in the Magistrate Judge's analysis with respect to either of these events. Therefore, the Court adopts the Recommendation that summary judgment be granted on Plaintiff's claims arising out of the January 2009 note and the February 2009 verbal altercation.

With respect to Plaintiff's relocation, suspension, and eventual termination from the treatment program, the Magistrate Judge found that Plaintiff had engaged in protected activity before he was relocated, suspended and terminated from the program. The Magistrate Judge also found that relocation, suspension, and termination

from sex offender treatment would discourage an ordinary person from exercising his free speech rights. (Rec. at 18-19.) On the third prong of the retaliation standard, the Magistrate Judge found that Plaintiff had failed to show a genuine dispute of fact as to whether his protected activity was the "but for" cause of his relocation, suspension, and termination from treatment. (*Id*. at 19-20.)

Plaintiff objects to this finding. (Obj. at 5.) Plaintiff points out that termination proceedings were commenced less than a week after he served Defendants with legal papers. (*Id*.) Plaintiff argues that the closeness in the timing of these events meets his burden on summary judgment. (*Id*.) However, the Tenth Circuit has been clear that "temporal proximity *per se* is insufficient to show that the stated explanation for the challenged action is pretextual."[1] *Strope v. Cummings*, 381 F. App'x 878, 883 (10th Cir. 2010). Rather, "[a]n inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of his constitutional rights." *Id*. (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

With regard to causation, the Magistrate Judge noted: "While it is true that Plaintiff's protected activity occurred in close proximity to his suspension, the context of the suspension renders its timing unremarkable. In light of Plaintiff's consistently poor

---

[1] The cases cited by the cases cited by Plaintiff in support of his argument are distinguishable because, in those cases, the court held that temporal proximity was sufficient to state a *prima facie* claim for retaliation at the motion to dismiss stage. *See Johnson v. Stovall*, 233 F.3d 486, 489 (7th Cir. 2000) (reversing district court's grant of motion to dismiss because defendants' adverse actions occurred shortly after plaintiff's protected activity). The issue here is whether, on summary judgment, Plaintiff can show that Defendants' proffered basis for the allegedly retaliatory activity was merely pretext for retaliation. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (to survive summary judgment, prisoner must show that retaliatory motive was "but for" cause of adverse action). To meet his burden of showing pretext, Plaintiff must have something more than simply temporal proximity. *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1066 (10th Cir. 2009).

performance in treatment, no reasonable inference of retaliation can be drawn from his suspension, relocation, and subsequent termination from treatment." (Rec. at 20.) Having reviewed the evidence in the record *de novo*, the Court agrees with the Magistrate Judge's analysis. Therefore, the Court finds that Plaintiff has failed to present evidence showing a genuine dispute as to whether Defendants were substantially motivated to transfer, suspend, and terminate Plaintiff from sex offender treatment in retaliation for his legal pursuits. Accordingly, the Court grants summary judgment on Plaintiff's Claim One.

**B.     Fourteenth Amendment Deprivation of Liberty**

Plaintiff alleges that his due process rights were violated in Claims Two, Five, and Seven. To survive summary judgment on his due process claims, Plaintiff must show the following: (1) he possessed a protected interest to which due process protection was applicable; and (2) he was not afforded the appropriate level of process before being deprived of that protected interest. *Copelin-Brown v. New Mexico State Personnel Office*, 399 F.3d 1248, 1254 (10th Cir. 2005).

Because each of Plaintiff's claims involves a separate allegedly protected liberty interest, the Court will address each separately below.

    1.     <u>Claim Two</u>

In Claim Two, Plaintiff alleges that two different events violated his due process rights: (1) his transfer to Fremont Correctional Facility ("FCF"); and (2) his 28-day detention in conditions that were similar to administrative segregation. (Am. Compl. at 21.)

With respect to this transfer, the Magistrate Judge found that Plaintiff did not have a protected interest in being imprisoned in a particular facility and could therefore be transferred without violating the Fourteenth Amendment unless such transfer was retaliatory. (Rec. at 21-22.) Because the Magistrate Judge found that there was no dispute of fact as to whether the transfer was motivated by retaliation, the Magistrate Judge recommended that summary judgment be granted on Plaintiff's due process claim arising out of his transfer. (*Id.*) Plaintiff's only objection to this finding is that the Magistrate Judge's conclusion regarding Defendants' lack of retaliatory motive was incorrect. (Obj. at 6.) Because, as set forth above, the Court agrees with the Magistrate Judge's analysis of Plaintiff's retaliation claim, it sees no merit in Plaintiff's objection. The Court finds that Plaintiff has failed to show a genuine dispute of fact as to whether his transfer to FCF violated his Fourteenth Amendment rights.

The Magistrate Judge next found that Plaintiff's 28-day placement in conditions akin to administrative segregation did not give rise to due process protections. (Rec. at 22.) Plaintiff does not object to this finding. (Obj. at 6-7.) The Court therefore adopts the Recommendation with respect to Plaintiff's claim arising out of his 28-day stay upon transfer to FCF.

Accordingly, the Court grants summary judgment on Plaintiff's Claim Two.

2. Claim Five

In Claim Five, Plaintiff contends that his constitutional rights were violated when his sex-offender sub-classification was changed to "D" code without due process. (Am. Compl. at 26.)

The Magistrate Judge found that Plaintiff had no protected interest in his sex-

offender sub-classification. (Rec. at 23.) The Magistrate Judge's reasoning relied heavily on *Hubler v. Lander*, 2010 WL 935667 (D. Colo. March 10, 2010) in which the Court found that a prisoner's due process rights were not invoked when his sex offender sub-classification was changed. (*Id*.) Plaintiff objects to this finding and argues that *Hubler* is distinguishable because there was no allegation of retaliation in that case. (Obj. at 6.) Because the Court has already granted summary judgment on Plaintiff's retaliation claim, it is unpersuaded by the distinction Plaintiff attempts to draw. Rather, having reviewed *Hubler*, the Court agrees with the Magistrate Judge that this case indistinguishable.

Plaintiff also argues that his re-classification invoked his due process rights because it affected the duration of his sentence by impacting his eligibility for parole, earned-time, and good-time credit. (ECF No. 125 at 9.) The Magistrate Judge found that Plaintiff's reclassification did not effect his eligibility for parole, that Plaintiff had failed to present evidence showing that he lost good-time credit, and that Plaintiff had failed to show that "but for" his reclassification, he would have been released at an earlier date. (Rec. at 24.)

Plaintiff objects to the Magistrate Judge's analysis of these issues. Plaintiff contends that the fact that he earned good-time credit at a slower rate upon his reclassification invoked a protected liberty interest. (Obj. at 7.) However, the Tenth Circuit has held that prison officials may completely deny a prisoner earned time and good time credit without providing due process. *Templemen v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994). Thus, the Court finds that Plaintiff was not deprived of a liberty interest because he accumulated good-time and/or earned-time credit at a slower rate

after his sub-classification was changed.

Plaintiff next contends that he had a liberty interest in his sub-classification because his reclassification had made him ineligible for parole. (Obj. at 7-8.) However, the record shows that he has been considered for parole twice since his reclassification. (Rec. at 23-24.) The fact that the parole board did not grant Plaintiff parole does not mean that he is "ineligible" for parole. Moreover, his reclassification was not the basis given by the parole board for the denial of his parole. The parole board denied his parole in July 2008 because of "aggravating factors" including the "circumstances of the offense." (ECF No. 140 at 16.) Because Plaintiff cannot show that the change in his sex-offender sub-classification was the but for cause of the denial of his parole, the reclassification did not invoke due process rights. *Wilson v. Jones*, 430 F.3d 1113, 1121 (10th Cir. 2005).

The Court finds that Plaintiff has failed to show a dispute as to whether he had a protected liberty interest in his sex offender sub-classification. Accordingly, the Court grants summary judgment in favor of Defendants on Plaintiff's Claim Five.

3.  Claim Seven

In Claim Seven, Plaintiff contends that his termination from treatment violated his due process rights. (Am. Compl. at 28.) The Magistrate Judge found that Plaintiff did not have a protected liberty interest in his participation in treatment because he was not statutorily mandated to participate in therapy under Colo. Rev. Stat. § 18-1.3-1004(3). (Rec. at 29.) Plaintiff does not object to this finding but instead argues that he was mandated to participate in treatment pursuant to Colo. Rev. Stat. §16-11.7-105. (Obj. at 1.) Plaintiff argues that, because he was required to participate in treatment, he had

a state-created liberty interest in treatment which he could not be deprived of absent due process. (*Id.*)

The Recommendation did not address Colo. Rev. Stat. § 16-11.7-105, which provides that "[e]ach adult sex offender . . . sentenced by the court for an offense committed on or after January 1, 1994, shall be required, as a part of any sentence . . . to undergo treatment to the extent appropriate to such offender." However, the Court finds that this statute is not applicable to Plaintiff because it is undisputed that the offense for which Plaintiff is incarcerated occurred before January 1, 1994. (ECF No. 93 at 2; ECF No. 125 at 1.) Therefore, Plaintiff is not required by Section 16-11.7-105 to undergo sex offender treatment.

Because Plaintiff was not statutorily mandated to participate in treatment, he has no protected liberty interest in the same. *Hubler v. Lander*, 413 F. App'x 81, 83 (10th Cir. 2011); compare *Beebe v. Heil*, 333 F.Supp.2d 1011 (D. Colo. 2004) (where prisoner was statutorily mandated to participate in treatment, he could not be terminated from treatment without due process). Accordingly, the Court grants summary judgment on Plaintiff's Claim Seven.

**C.     Fifth Amendment**

Plaintiff's Claim Three alleges that his Fifth Amendment rights were violated by requiring him, as a condition of treatment, to admit thoughts, feelings, and behaviors that Plaintiff claims were inaccurate and incriminatory. (Am. Compl. at 22.) To succeed on his Fifth Amendment claim, Plaintiff must show that the consequences of his failure to accede to the Defendants' requests were "so great as to constitute compulsion" for

purposes of the Fifth Amendment privilege against self-incrimination. *McKune v. Lile*, 536 U.S. 24, 29-48 (2002) (O'Connor, J., concurring); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1202 (10th Cir. 2004) (recognizing Justice O'Connor's concurrence as the controlling opinion in *McKune*).

The Magistrate Judge found that Plaintiff's claim was foreclosed by *Wirching v. Colorado*, 360 F.3d 1191 (10th Cir. 2004), in which the Tenth Circuit held that the denial of a television, radio, tobacco, canteen, removal or property, inability to earn good time credits, and restriction on his visitation privileges were not such significant consequences for the prisoner's refusal to participate in treatment so as to constitute "compulsion" under the Fifth Amendment. *Id*. at 1193-94. The Magistrate Judge found that the Plaintiff's limitations were less than that imposed in *Wirching* and, therefore, he had failed to show that Defendants' actions amounted to compulsion for purposes of the Fifth Amendment. (Rec. at 25.)

Plaintiff objects to this finding and argues that his case is distinguishable because the prisoner in *Wirching* did not have his eligibility for parole revoked. (Obj. at 9.) However, as the Court previously noted, the record shows that Plaintiff's eligibility for parole has not been revoked. (*See* ECF No. 140 at 16-17.) Plaintiff also objects and argues that the fact that Defendants had a retaliatory motive in placing these conditions on him makes his case distinguishable. However, the Court has already found that summary judgment is appropriate on Plaintiff's retaliation claim. Therefore, this argument is not persuasive. Accordingly, the Court agrees with the Magistrate Judge's analysis under *Wirching* and finds that Plaintiff has failed to show that the

conditions placed on him during treatment constituted compulsion for purposes of the Fifth Amendment. Therefore, the Court grants summary judgment on Plaintiff's Claim Three.

### D. Eighth Amendment

In Claim Four, Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated when Defendants continuously changed the conditions necessary for him to participate in the sex offender treatment program. (Am. Compl. at 23-25.) Plaintiff alleges that Defendants' actions constituted "mental torture" and resulted in him suffering physical ailments such as headaches, constipation, and insomnia. (*Id.*)

To succeed on an Eighth Amendment claim based on the conditions of confinement, an inmate must allege facts to demonstrate the deprivation is "sufficiently serious" and that prison officials acted with "deliberate indifference to inmate health or safety." *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

The Magistrate Judge found that Plaintiff had failed to show a genuine dispute of fact as to Defendants' actions caused Plaintiff to suffer a sufficient serious deprivation. (Rec. at 27.) The Magistrate Judge noted that Plaintiff's participation in the treatment program was voluntary and that the only ramification of his refusal to follow Defendants' demands was removal from the program. (*Id.*) Because, under Tenth Circuit case law,

exclusion from a voluntary treatment program does not violate the Eighth Amendment, the Magistrate Judge recommended that the Court grant summary judgment on this claim. (*Id.*)

Plaintiff objects to this analysis and once again argues that his case is different because Defendants' actions were retaliatory. (Obj. at 10.) As discussed above, the Court disagrees and has found that summary judgment on Plaintiff's retaliation claim is appropriate. Plaintiff also contends that his participation in treatment was statutorily mandated and, therefore, being deprived of the ability to participate was sufficiently serious. (Obj. at 10.) However, as discussed above, the Court finds that Plaintiff is not statutorily mandated to participate in treatment. Accordingly, the Court sees no merit in the Plaintiff's Objections and adopts the Recommendation that Defendants' Motion for Summary Judgment be granted as to Plaintiff's Eighth Amendment claim.

**E.     Conspiracy**

Plaintiff's Claim Six alleges that Defendants conspired to violate his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (Am. Compl. at 27.) To succeed on his conspiracy claim, Plaintiff must show: (1) that two or more persons had a general agreement with a common objective; and (2) that the objective was to deprive Plaintiff of his constitutional rights. *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1454 (10th Cir. 1995).

The Magistrate Judge found that Plaintiff had shown that Defendants had acted in concert but had failed to show that such concerted efforts were focused on depriving Plaintiff of a constitutional right. (Rec. at 28.) Plaintiff objects and again relies on his

contention that all of Defendants' action were retaliatory. (Obj. at 11.) Because the Court has granted summary judgment on Plaintiff's retaliation claim, his objection on these grounds is meritless.

Although not relied upon by the Magistrate Judge, the Court notes that in order to succeed on a conspiracy claim under 42 U.S.C. § 1983, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990). Because the Court has found that Plaintiff has not been deprived of any constitutional right, his conspiracy claim cannot succeed. *See, e.g., Douglas v. Hilligoss*, 2010 WL 1329075, *2 (W.D. Okla. Feb. 26, 2010) (dismissing conspiracy claim because plaintiff had not properly pled an underlying constitutional deprivation).

Accordingly, the Court grants summary judgment on Plaintiff's Claim Six.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Magistrate Judge Hegarty's Recommendation (ECF No. 138) is ACCEPTED;

2. Defendants' Motion for Summary Judgment (ECF No. 93) is GRANTED; and

3. The Clerk shall enter judgment in favor of Defendants on all claims.

Dated this 12th day of March, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge